IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND HAROLD BUTTE, SR.,

      Petitioner,                                   No. CIV S-11-0510 GEB DAD P

     vs.

K. ALLISON,

      Respondent.                               ORDER

_____/

          Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss this action on the grounds that it was filed beyond the one-year statute of limitations. Petitioner has filed an opposition and respondent has filed a reply. Petitioner has now filed a request to submit a "rebuttal" to respondent's opposition. (Doc. No. 34 at 1.) In the interest of justice, the court will grant petitioner's request so that petitioner may fully address the equitable tolling issue[1] posed by

---

[1] Petitioner is advised that "a 'petitioner' is 'entitled to equitable tolling' only where he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, \_\_ U.S. \_\_, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). See also Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010); Harris v. Carter, 515 F.3d 1051, 1054 (9th Cir. 2008); Stillman v. LaMarque, 319 F.3d 1199, 1202 (9th Cir. 2003). Thus, equitable tolling of the AEDPA statute of limitations is appropriate only when external forces, rather than a

1

the pending motion.  In addition, the court will grant respondent leave to file a supplemental brief in response to petitioner's surreply.

On November 7, 2011, inmate Billy Fulton also filed a motion for leave to submit an amicus curiae brief in support of petitioner's opposition to the motion to dismiss.  (Doc. No. 36.)  Mr. Fulton provides a declaration signed under penalty of perjury in which he asserts that petitioner is illiterate and disabled.  In mate Fulton also provides a memorandum of points and authorities, and exhibits including mental health records from 2002 to 2006, and a declaration by Helen Copen, petitioner's sister.  Mr. Fulton's request will be denied, as will petitioner's November 21, 2011 motion requesting that the court to accept the amicus curiae brief.  Mr. Fulton is not qualified to provide a medical assessment of petitioner's disabilities and his observations as to petitioner's current mental and physical condition are not relevant to the issue of equitable tolling which involves an earlier point in time.  As to petitioner's mental health records and declaration by Helen Copen, petitioner may attach these exhibits to his surreply.

On November 10, 2011, respondent requested leave to submit additional briefing to address petitioner's "post-reply filings" asserting entitlement to equitable tolling due to the "inaction by retained counsel."  (Doc. No. 38 at 2.)  Respondent points out that on November 21, 2011, petitioner consented to respondent's request to submit additional briefing.  However, in light of the court's decision to grant petitioner leave to file a surreply and to grant respondent the opportunity to file supplemental briefing, respondent's request will be denied as moot.

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner's October 6, 2011 motion for leave to file a rebuttal to respondent's reply in support of respondent's motion to dismiss (Doc. No. 34) is granted;

---

petitioner's lack of diligence, account for the failure to file a timely petition.  See Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  Moreover, petitioner bears the burden of demonstrating the existence of grounds for equitable tolling.  See Roberts v. Marshall, 627 F.3d 768, 772 (9th Cir. 2010); Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

2. Within thirty days from the service of this order, petitioner shall file and serve his surreply addressing whether he is entitled to equitable tolling;

3. Respondent's supplemental briefing addressing petitioner's surreply, if any, shall be filed fourteen days thereafter;

4. Inmate Bill Fulton's November 7, 2011 motion for leave to file an amicus curiae brief (Doc. No. 36) is denied;

5. Petitioner's November 21, 2011 motion requesting that the court accept the amicus curiae brief (Doc. No. 39) is denied; and

6. Respondent's December 8, 2011 request for an enlargement of time to file additional briefing (Doc. No. 40) is denied as moot.

DATED: December 9, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
butt0510.surreply